**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DAVID DANIEL DIERINGER,

    Plaintiff,

vs.

LAS VEGAS METRO POLICE DEPT., et al.,

    Defendants.

Case No. 2:13-cv-02012-JAD-VCF

**ORDER**

Plaintiff, who is a prisoner now in the custody of the Nevada Department of Corrections,[1] has submitted an application to proceed *in forma pauperis* (Dkt. #1) and a civil rights complaint pursuant to 42 U.S.C. § 1983. The court finds that plaintiff is unable to pay an initial partial filing fee. 28 U.S.C. § 1915(b)(4). Plaintiff still must pay the filing fee in full through monthly installment payments. 28 U.S.C. § 1915(b)(2).

The court has reviewed the complaint, and the court will dismiss this action. When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Allegations of a pro se

---

[1] When plaintiff commenced this action, he was being held at the Clark County Detention Center.

complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." . . . [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." . . .
>
> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (citations omitted).

Plaintiff alleges that on April 17, 2013, he was attacked outside a Wal-Mart store and left unconscious. Two officers of the Las Vegas Metropolitan Police Department, Resberg and Legrow, responded to a call. Plaintiff was an ex-felon at the time. Plaintiff alleges that when defendants Resberg, Legrow, and Swanbeck, a third police officer, learned about plaintiff's status, they stopped investigating the attack and did not try to find the assailant, even though Wal-Mart provided them with a videotape recording of the attack.

Plaintiff does not mention a specific provision of the constitution that he claims the defendants violated. Based upon the facts alleged, the court construes plaintiff's allegations to be claims that the defendants violated the Fourteenth Amendment.

As a general principle, the Due Process Clause of the Fourteenth Amendment places no duty upon police officers to investigate criminal complaints. *See DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 197-200 (1989). Plaintiff cannot gain any relief simply because the police officers did not investigate what happened to him.

Plaintiff might also be claiming that the police officers decided not to investigate what happened to him because he was an ex-felon. "The State may not, of course, selectively deny its

protective services to certain disfavored minorities without violating the Equal Protection Clause [of the Fourteenth Amendment]." *DeShaney*, 489 U.S. at 197 n.3.

The court of appeals applied the above-quoted principle in *Elliot-Park v. Manglona*, 592 F.3d 1003 (9th Cir. 2010). In *Elliot-Park* a case arising out of the Commonwealth of the Northern Mariana Islands – a Korean woman claimed that Micronesian police officers did not investigate or charge a Micronesian man who collided with her in a traffic accident. In that case, a police officer actually saw the collision, and the Micronesian man was identified immediately. The Micronesian man was displaying obvious signs of driving under the influence of alcohol, but the police officers did not administer any field sobriety tests. The doctor who treated both the Korean woman and the Micronesian man complained to the authorities that the Micronesian man had not been charged with driving under the influence, but there was a conspiracy among the officers and others to prevent the investigation and prosecution of the Micronesian man. 592 F.3d at 1005-06.

In petitioner's case, the responding officers had no similarly obvious facts before them. The officers did not see the attack upon plaintiff; they arrived after the assailant had left. Plaintiff alleges that Wal-Mart provided videotape from a security camera; even if the face of the assailant was identifiable, the location that plaintiff alleges that the attack occurred is a busy shopping center near the intersection of two major streets by which the assailant could have left quickly. Plaintiff does not allege that he gave the officers the identity or description of the assailant.[2] Finally, and most importantly, plaintiff simply speculates that the officers decided not to investigate because plaintiff is an ex-felon. Plaintiff himself admits that he was unconscious at the time. He does not allege that anybody overheard the officers discussing whether to investigate any further because plaintiff is an ex-felon; he just guesses that is what occurred. Given the other circumstances of the attack, plaintiff has not presented a plausible claim of discrimination.

---

[2]The court is not willing to assume that plaintiff told the officers anything. Count III of the complaint shows that plaintiff was arrested at the location or soon after. Plaintiff admits that he was an ex-felon in possession of a weapon. It is much more plausible that plaintiff's attorney advised him not to speak with police possibly to avoid incriminating himself in any other crimes.

1    **IT IS THEREFORE ORDERED** that plaintiff's application to proceed *in forma pauperis*
2 (Dkt. #1) is **GRANTED**.  Plaintiff shall not be required to pay an initial partial filing fee, but even
3 though this action is being dismissed, the full filing fee must still be paid pursuant to 28 U.S.C.
4 § 1915(b)(2).

5    **IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada
6 Department of Corrections shall pay to the Clerk of the United States District Court, District of
7 Nevada, 20% of the preceding month's deposits to plaintiff's account (inmate #1042408), in the
8 months that the account exceeds $10.00, until the full $350 filing fee has been paid for this action.
9 The clerk shall send a copy of this order to the finance division of the clerk's office.  The clerk shall
10 also send a copy of this order to the attention of the chief of inmate services for the Nevada
11 Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

12    **IT IS FURTHER ORDERED** that the clerk of the court shall file the complaint.

13    **IT IS FURTHER ORDERED** that this action is **DISMISSED** for failure to state a claim
14 upon which relief may be granted.  The clerk of the court shall enter judgment accordingly.

15    **IT IS FURTHER ORDERED** that an appeal from the judgment would be taken in good
16 faith.

17    Dated: May 12, 2014.

_____
JENNIFER A. DORSEY
United States District Judge